2/4/10
[signature]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ANNIE WALTON IVORY     PETITIONER

v.     No. 1:09CV57-D-D

RANDY PERKINS, ET AL.     RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the petition of Annie Walton Ivory for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition, and Ivory has responded. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and Ivory's petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

The petitioner, Annie Ivory, is not currently in the custody of the Mississippi Department of Corrections ("MDOC") as she was released on April 28, 2009. On August 18, 2004, Ivory pled guilty to one (1) count of possession of cocaine and one (1) count of DUI, third offense, in the circuit court of Monroe County, Mississippi. On the same day, Ivory was sentenced to serve sixteen (16) years for the cocaine charge and five (5) years for the DUI charge in the custody of the MDOC, with her sentences to run concurrently. For both charges the court placed Ivory in the Intensive Supervision Program (house arrest) for one (1) year, and informed her that if she completed that program, the court would place her on four (4) years of post-release supervision. The following statement of facts has been taken verbatim from the opinion of the Mississippi Court of Appeals:

> Ivory began serving her term in the [Intensive Supervision Program] the very next
> day when the MDOC probation and parole officer in charge of administering the
> [Intensive Supervision Program] inmates hooked her up to her electronic
> monitoring equipment. It did not take long for Ivory to violate the requirements of
> the [Intensive Supervision Program]. On December 18, 2004, Ivory's urine
> sample tested positive for cocaine. On December 31, 2004, Ivory tested positive
> again. On January 11, 2005, Ivory was offered an opportunity to participate in a
> drug addiction treatment program known as the "FREE" program. She signed a
> written refusal to participate.
>
> Ivory was again tested for cocaine use on April 16, 2005. Before the analysis
> could be completed, Ivory admitted that she used cocaine again. In the
> corresponding MDOC RVR, Ivory stated that she did not feel that another
> inpatient drug program was good for her. Ivory also stated that, shortly before her
> April 16, 2005, drug test, she had been drinking beer and smoking a cigarette
> laced with cocaine. Ivory claimed she was unaware that the cigarette was laced
> with cocaine. Ivory was found guilty of another rule violation when Randy
> Perkins, Ivory's supervising ISP officer, charged her with absconding from
> supervision when her monitoring equipment indicated that she left her residence
> after curfew hours, returned at 10:00 p.m., left at 10:01 p.m., and was later found
> at 3:30 a.m. across town in a house described as a "crack house." Ivory claimed she was not at a crac
> to that house.

*Ivory v. State*, 999 So.2d 420, 423 (Miss. App. 2008). On April 15, 2004, Ivory received two (2) Rule Violation Reports ("RVR") for failing a drug test and for escaping from supervision and on May 3, 2005, she was placed in the custody of the MDOC at the Central Mississippi Correctional Facility in Pearl, Mississippi.

While in custody, Ivory began the Administrative Remedy Progam ("ARP") with the MDOC in an attempt to get her RVR set aside. On July 7, 2005, she made a request to start the ARP procedure to review her RVR, and her Third Step Response Form denying relief was issued on November 11, 2005. Ivory next filed an complaint under 42 U.S.C. § 1983 in this court on January 30, 2006. *See* Cause No. 1:06CV29-M-D. On February 16, 2006, the district court *sua*

*sponte* dismissed Ivory's complaint under 28 U.S.C. § 1915(e)(2)(B)(I) because the complaint actually sought *habeas corpus* relief under 28 U.S.C. § 2254 rather than relief from violation of civil rights under 42 U.S.C. § 1983. Ivory had not exhausted her state remedies before proceeding to federal court on her *habeas corpus* claims.

On March 3, 2006, Ivory again initiated the ARP procedure with the MDOC, and she was denied relief on April 17, 2006. Ivory filed a motion for post-conviction relief ("PCR") in the Monroe County Circuit Court on July 11, 2006 (signed on June 26, 2006). The circuit court dismissed her motion for lack of jurisdiction on December 4, 2006. Ivory then appealed the circuit court's dismissal to the Mississippi Supreme Court, and the Mississippi Court of Appeals affirmed the decision on December 9, 2008. *Ivory v. State,* 999 So.2d 420 (Miss. App. 2008) (Cause No. 2007-CP-00092-COA). Ivory moved for rehearing and a petition for *certiorari* on December 29, 2008, which were both dismissed as untimely filed. On March 5, 2009, Ivory filed the present *habeas corpus* petition in federal court requesting that her RVR be set aside and asking to be released from incarceration. On March 20, 2009, the Mississippi Parole Board granted Ivory parole eligibility, and on April 28, 2009, she was released on probation.

## One-Year Limitations Period

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United

> States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Ivory must therefore have filed her federal petition for a writ of *habeas corpus* within one year of the date the judgment of conviction becomes final – subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *Flanagan v. Johnson*, 154 F.3d 196, n.1 (5th Cir. 1998). None of the exceptions of § 2244(d)(1)(B-D) are applicable in this case; as such, Ivory's petition for a writ of *habeas corpus* is untimely filed.

Ivory received her rule violation report on April 15, 2005. Thus, unless Ivory "properly filed" an application for post-conviction collateral relief as contemplated by 28 U.S.C. § 2244(d)(2) on or before April 17, 2006 (as April 15, 2006 was a Saturday), to toll the limitations period, her *habeas corpus* petition would be filed too late. *Grillete v. Warden*, 372 F.3d 765, 769 (5th Cir. 2004); *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998). As stated above, Ivory filed a request to proceed in the ARP on July 7, 2005, which was denied on November 11, 2005. As Ivory's ARP filings were initiated within the one-year time limitation period prescribed by the AEDPA, the statute of limitations for her

federal habeas petition is tolled for the pendency of her prison grievance. Therefore, the statute of limitations was tolled for one hundred twenty-seven (127) days from April 17, 2006, the day her one-year time limitation period would have originally expired, moving the new deadline for filing to August 22, 2006.

The statute of limitations may also have been tolled for the pendency of Ivory's pursuit of state post-conviction collateral relief.[1] Ivory signed the request on June 26, 2006, and the Mississippi Court of Appeals denied relief on December 9, 2008, a period of 897 days. Allowing tolling of the limitations period by 897 days, the deadline for filing her federal *habeas corpus* petition became February 4, 2009 (August 22, 2006 + 897 days). Ivory signed her present petition for a writ of *habeas corpus* on February 25, 2009, and it was received in this court on March 5, 2009.

Under the "mailbox rule," the Ivory's *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on February 25, 2009, and the date it was received and stamped as "filed" in the district court on March 5, 2009. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed twenty-one (21) days after the

---

[1] The state has argued that Ivory's claim for state post-conviction collateral relief was not properly filed because it was eventually dismissed for want of subject matter jurisdiction. The court will assume without deciding that the statute was tolled during this period, as the current federal petition was untimely filed – even allowing for tolling during the pendency of the state court claim.

February 4, 2009, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d at 513-14. The instant petition will therefore be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 4th day of February, 2010.

/s/ Glen H. Davidson
SENIOR JUDGE